JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY,
Counsel for Wage and Hour
California Bar No. 176106
TARA STEARNS
Trial Attorney
California Bar No. 291130
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7741
Facsimile: (415) 625-7745
Email: stearns.tara.e@dol.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS E. PEREZ,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                Plaintiff,<br>        v.<br><br>ARAIZA ENTERPRISES, INC., an Arizona<br>corporation; ARAIZA BROTHERS<br>ENTERPRISES VI, LLC, an Arizona limited<br>liability company; ARAIZA BROTHERS<br>ENTERPRISES VII, LLC, an Arizona<br>limited liability company; ARAIZA<br>BROTHERS ENTERPRISES IX, LLC, an<br>Arizona limited liability company; FEMEX,<br>LLC, an Arizona limited liability company;<br>RICARDO ARAIZA, an individual; ISIDRO<br>ARAIZA, an individual; MARTHA<br>FAVIOLA ARAIZA, an individual, spouse<br>of Ricardo Araiza; SILVIA ARAIZA, an<br>individual, spouse of Isidro Araiza.<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS**<br>**OF THE FAIR LABOR STANDARDS**<br>**ACT** |

Plaintiff THOMAS E. PEREZ, United States Secretary of Labor, brings this action to enjoin Defendants ARAIZA ENTERPRISES, INC., an Arizona corporation; ARAIZA BROTHERS ENTERPRISES VI, LLC, an Arizona limited liability company; ARAIZA BROTHERS ENTERPRISES VII, LLC, an Arizona limited liability company; ARAIZA BROTHERS ENTERPRISES IX, LLC, an Arizona limited liability company;  FEMEX, LLC, an Arizona limited liability company; RICARDO ARAIZA, an individual; ISIDRO ARAIZA, an individual; MARTHA FAVIOLA ARAIZA, spouse of Ricardo Araiza; and SILVIA ARAIZA, spouse of Isidro Araiza (**collectively, "Defendants"**) from violating the overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 et seq., and to recover unpaid wages and liquidated damages owed to Defendants' employees under FLSA § 16(c), 29 U.S.C. § 216(c).

**JURISDICTION**

1.      The Court has jurisdiction over this action under FLSA §§ 16(c) and 17, 29 U.S.C §§ 216(c), 217, and under 28 U.S.C. §§ 1331 and 1345.

**VENUE**

2.      Venue lies under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to these claims occurred in Arizona.

**CORPORATE DEFENDANTS**

3.      Defendant ARAIZA ENTERPRISES, INC. is and at all relevant times was an Arizona corporation engaged in business as a restaurant operating under the name Federico's Mexican Food, with a place of business at 4014 N 43rd Avenue, Phoenix, AZ.

4.      Defendant ARAIZA BROTHERS ENTERPRISES VI, LLC is and at all relevant times was an Arizona limited liability company engaged in business as a restaurant operating under the name Federico's Mexican Food, with a place of business at 3730 W. Happy Valley Rd., Suite 109, Glendale, AZ.

5.      Defendant ARAIZA BROTHERS ENTERPRISES VII, LLC is and at all relevant times was an Arizona limited liability company engaged in business as a restaurant operating under the name Federico's Mexican Food, with a place of business at 7410 S. 35th Ave, Laveen, AZ.

6.      Defendant ARAIZA BROTHERS ENTERPRISES IX, LLC is and at all relevant times was an Arizona limited liability company engaged in business as a restaurant operating under the name Federico's Mexican Food, with a place of business at 20429 N. Lake Pleasant, Suite 101, Peoria, AZ.

7.      Defendant FEMEX, LLC is and at all relevant times was an Arizona limited liability company engaged in the business of operating and licensing restaurants to operate under the trade names "Federico's" and "Federico's Mexican Food," with an office and a place of business at 3302 N 35th AVE Suite 3, Phoenix, AZ.

## INDIVIDUAL DEFENDANTS

8.      Defendant ISIDRO ARAIZA, an individual, resides in Peoria, Arizona. Isidro Araiza is and at all relevant times was an "employer" under FLSA § 3(d), 29 U.S.C. § 203(d), in that he acts and at all relevant times acted directly or indirectly in the

interest of the Corporate Defendants in relation to their restaurant employees, including the employees listed in Exhibit A to this Complaint.

9.    Defendant SILVIA ARAIZA, an individual, resides in Peoria, Arizona, and is the spouse of Isidro Araiza. Isidro Araiza and Silvia Araiza hold and at all relevant times held their assets as community property.  All actions alleged to have been taken by Isidro Araiza were undertaken while married to Silvia Araiza, and benefited their marital community.  Silvia Araiza is included as a Defendant solely so that any Judgment entered may be collected against the community property of Silvia Araiza and Isidro Araiza.

10.    Defendant RICARDO ARAIZA, an individual, resides in Peoria, Arizona. Ricardo Araiza is and at all relevant times was an "employer" under FLSA § 3(d), 29 U.S.C. § 203(d), in that he acts and at all relevant times acted directly or indirectly in the interest of the Corporate Defendants in relation to their restaurant employees, including the employees listed in Exhibit A to this Complaint.

11.    Defendant MARTHA FAVIOLA ARAIZA, an individual, resides in Peoria, Arizona, and is the spouse of Ricardo Araiza. Ricardo Araiza and Martha Faviola Araiza hold and at all relevant times held their assets as community property.  All actions alleged to have been taken by Ricardo Araiza were undertaken while married to Martha Faviola Araiza, and benefited their marital community.  Martha Faviola Araiza is included as a Defendant solely so that any Judgment entered may be collected against community property of Martha Faviola Araiza and Ricardo Araiza.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.     At all relevant times, the Corporate Defendants were and are an enterprise within the meaning of FLSA § 3(r), 29 U.S.C. § 203(r), because they engaged and engage in related activities performed through unified operation or common control for a common business purpose.

13.     At all relevant times, the Corporate Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), in that they had and have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and have and had an annual gross volume of sales made or business done of not less than $500,000.00.

## FIRST CAUSE OF ACTION
### (Violation of the FLSA Overtime Provisions)

1.     From December 31, 2012 to July 26, 2015, the Corporate Defendants, Ricardo Araiza, and Isidro Araiza willfully violated the overtime provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2),  by employing employees, including those listed in Exhibit A to this Complaint, who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours without compensating the

employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

### SECOND CAUSE OF ACTION
### (Violation of the FLSA Recordkeeping Provisions)

2.     The Corporate Defendants, Ricardo Araiza, and Isidro Araiza willfully violated FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516.

### REQUEST FOR RELEF

Plaintiff requests that the Court:

a.     enjoin and restrain Defendants, their officers, agents, servants, employees, successors, and persons acting in active concert or participation with them from violating the overtime and recordkeeping provisions of FLSA §§ 7(a), 11(c), and 15(a)(2) and 15(a)(5), 29 U.S.C. §§ 207(a), 211(c), 215(a)(2), 215(a)(5), under FLSA § 17, 29 U.S.C. § 217;

b.     issue an order under FLSA § 16(c), 29 U.S.C. § 216(c), finding Defendants jointly and severally liable for the unpaid overtime compensation due to Defendants' current and former employees, including the individuals listed in Exhibit A, for the period

from December 31, 2012 to July 26, 2015, plus an additional equal amount as liquidated

damages (additional back wages and liquidated damages may be owed to certain

employees presently unknown to Plaintiff for the period covered by this Complaint);

      c.    if liquidated damages are not awarded, issue an order under FLSA § 17, 29

U.S.C. § 217, enjoining Defendants, their officers, agents, servants, employees,

successors, and persons acting in active concert or participation with them in active

concert or participation with them from withholding payment of unpaid overtime

compensation found due to Defendants' current and former employees, including those

listed in Exhibit A, for the period from December 31, 2012 to July 26, 2015, plus pre-

judgment interest at an appropriate interest rate;

      d.    award Plaintiff the costs of this action; and

      e.    grant any other relief that is necessary or appropriate.


Dated: March 30, 2016           M. PATRICIA SMITH
                                   Solicitor of Labor

                                   JANET M. HEROLD
                                   Regional Solicitor

                                   SUSAN SELETSKY
                                   Counsel for FLSA

                                 *__/s/ Tara E. Stearns_____*
                                   TARA E. STEARNS
                                   Trial Attorney

                                   U.S. DEPARTMENT OF LABOR
                                   Attorneys for Plaintiff

**EXHIBIT A**

1.  Arvisu, Felipa

2.  Chavez, Edith

3.  Chavez, Mauro

4.  Enriquez, Nubia

5.  Fabian, Berenice

6.  Garcia Castilla, Jose de Jesus

7.  Garcia, Jose de Jesus

8.  Gutierrez, Francisco

9.  Hernandez, Israel

10. Herrera Mendoza, Jose

11. Llamas, Guillermina

12. Sanchez, Aurelio

13. Santa Maria, Rey

14. Santa Maria, Roberto

15. Soto, Fabiola

16. Acosta, Yadira

17. Ayala, Martha

18. Carillo, Karla

19. Cedeno, Sonia

20. Cruz, Victor

21. Felix, Javier

1

22. Gabaldon, Jennifer

2

23. Garcia de la Torre, Alfredo

3

24. Garza, Juan

4

25. Gomez, Idalia

5

26. Gomez, Yecenia

6

27. Gonzalez, Melissa

7

28. Gutierrez, Adelaido

8

29. Hernandez Flores, Jose

9

30. Higuera, Ignacio

10

31. Juarez, Angelica

11

32. Lopez, Jose

12

33. Lopez, Wilebaldo

13

34. Martinez, Joan

14

35. Munoz Roja, Rodolfo

15

36. Samaniega, Daniela

16

37.Gutierrez, Jose

17

38. Mendoza, Fernando

18

39. Ordonez, Juan David

19

40. Araiza, Ignacio

20

41. Araiza, Rafael

21

42. Bujanda, Blanca

22

43. Bujanda, Priscilla

23

24

25

COMPLAINT FOR VIOLATIONS OF THE FLSA
*Secretary of Labor v. Araiza Enterprises, Inc., et al.*
Page 9

44. De la Torre, Martin

45. Martinez, Sergio

46. Osario, Felipe

47. Rios, Luis

48. Santillan, Miguel