1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                       DISTRICT OF ARIZONA

9   THOMAS E. PEREZ,                      ) Case No. 2:16-cv-00867-BSB
10       Secretary of Labor,              )
         United States Department of Labor, )
11                                        ) **CONSENT JUDGMENT AND ORDER**
12                    Plaintiff,          )
                         v.               )
13                                        )
14   ARAIZA ENTERPRISES, INC., an         )
     Arizona corporation; ARAIZA          )
15   BROTHERS ENTERPRISES VI, LLC, an )
     Arizona limited liability company;   )
16   ARAIZA BROTHERS ENTERPRISES          )
     VII, LLC, an Arizona limited liability )
17   company; ARAIZA BROTHERS             )
18   ENTERPRISES IX, LLC, an Arizona      )
     limited liability company; FEMEX, LLC, )
19   an Arizona limited liability company; )
     RICARDO ARAIZA, an individual;       )
20   ISIDRO ARAIZA, an individual;        )
21   MARTHA FAVIOLA ARAIZA, an            )
     individual, spouse of Ricardo Araiza; )
22   SILVIA ARAIZA, an individual, spouse of )
23   Isidro Araiza.                       )
                                          )
24                    Defendants.         )
25   _____)
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor, (the "Secretary") and Defendants Araiza Enterprises, Inc., Araiza Brothers Enterprises VI, LLC, Araiza Brothers Enterprises VII, LLC, Araiza Brothers Enterprises IX, LLC, FEMEX, LLC, Ricardo Araiza, Isidro Araiza, Martha Faviola Araiza, and Silvia Araiza **(collectively, "Defendants")** have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment.

A.      The Secretary has filed a Complaint alleging that Defendants violated §§ 7, 11(c), 15(a)(2), and (5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2), and (5).

B.      Defendants Ricardo Araiza and Isidro Araiza hold their assets as community property with their spouses, Martha Faviola Araiza and Silvia Araiza, respectively.   All actions alleged in the Complaint to have been taken by Ricardo Araiza and Isidro Araiza were undertaken while married to Martha Faviola Araiza and Silvia Araiza, respectively, and benefited their marital communities.

C.      Defendants acknowledge receipt of a copy of the Secretary's Complaint.

D.      Defendants are represented by counsel in this action, and have waived service of process and answers and defenses to the Secretary's Complaint.

E.      Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action, and that venue lies in the United States District Court for the District of Arizona.

F.      The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment without further contest.

G.      Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to supervisors and/or managers at Defendants' businesses) have notice of, and understand, the provisions of this Consent Judgment.

H.      Defendants Araiza Enterprises, Inc., Araiza Brothers Enterprises VI, LLC, Araiza Brothers Enterprises VII, LLC, Araiza Brothers Enterprises IX, LLC, Ricardo Araiza, and Isidro Araiza **(collectively, "the Araiza Defendants")** admit to willfully violating FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207, 215(a)(2), during the investigative period of December 31, 2012 through July 26, 2015 ("back wage accrual period") by employing employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for workweeks longer than forty hours without paying such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

I.      The Araiza Defendants admit to willfully violating FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), during the back wage accrual period by failing to make, keep and preserve accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by

the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to FLSA §§ 11(c), 29 U.S.C. §§ 211(c).

J.      Defendants have been advised and understand that entering into this Consent Judgment means that they must comply with the FLSA.

K.      Defendants understand that if they fail to comply with this Judgment or with the FLSA, or if they demand or accept any of the funds due employees under this Judgment, or retaliate against any employee for exercising any of their rights under the FLSA, they may be subject to additional court action by the Secretary, including an action for contempt of court, and may be subject to additional injunctive relief and penalties.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown, it is

ORDERED, ADJUDGED, AND DECREED that under FLSA § 17, 29 U.S.C. § 217, Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them are permanently enjoined and restrained from violating the FLSA, including in any of the following manners:

1.      Defendants shall not, contrary to FLSA §§ 7 and 15(a)(2), employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for a workweek

longer than forty hours unless the employee is paid at a rate of time and one half the

employee's regular rate for all hours worked in excess of forty hours in a workweek.

2. Defendants shall not fail to make, keep, preserve and make available to

authorized agents of the Secretary for inspection, transcription, and/or copying, upon

their demand for such access, records of employees and of the wages, hours, and other

conditions and practices of employment maintained, as prescribed by the regulations

found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to

FLSA §§ 11(c), 29 U.S.C. §§ 211(c).

3. Defendants shall not request, solicit, suggest, or coerce, directly, or

indirectly, any employee to return or to offer to return to Defendants, or to someone else

for Defendants, any money in the form of cash, check, or any other form, for wages

previously due or to become due in the future to the employee under the provisions of

this Judgment or the FLSA; nor shall Defendants accept, or receive from any employee,

directly or indirectly, any money in the form of cash, check, or any other form, for wages

paid or to be paid to any employee under the provisions of this Judgment or the FLSA;

nor shall Defendants discharge or in any other manner discriminate, solicit, or encourage

anyone else to discriminate against any employee because the employee received or

retained money due from Defendants under the provisions of this Judgment or the FLSA.

4. The Araiza Defendants, Martha Faviola Araiza, and Silvia Araiza jointly

and severally, shall not continue to withhold payment of $101,175.62, which is the

amount of unpaid overtime compensation ("back wages") found due to the employees named in Exhibit A to this Judgment for the back wage accrual period.

IT IS FURTHER ORDERED AND ADJUDGED that

5.     The Araiza Defendants, Martha Faviola Araiza, and Silvia Araiza jointly and severally, shall pay the back wages referenced in Paragraph 4, plus an additional equal amount in liquidated damages due under FLSA § 16(c), 29 U.S.C. § 216(c), for a total of $202,351.24.  Payment of this amount shall be made in installments subject to interest at the rate of 1% per year (for a total of $1,853.30), as set forth in the schedule attached as Exhibit B to this Judgment.

6.     JUDGMENT is hereby entered in favor of the Secretary and against the Araiza Defendants, Martha Faviola Araiza, and Silvia Araiza, jointly and severally, in the total amount of $204,204.54, which is comprised of $101,175.62 in back wages found due for the back wage accrual period, $101,175.62 in liquidated damages, and $1,853.30 in post-judgment interest.

7.     The provisions of Paragraphs 4-6 of this Judgment shall be deemed satisfied when the Araiza Defendants, Martha Faviola Araiza, and Silvia Araiza comply with the following provisions:

a.     All payments due under this Judgment shall be made at the times, in the amounts, and of the type set forth in Exhibit B to this Judgment.  All payments and documents due under this Judgment shall be delivered to Sarah Martinez, Assistant

District Director, Wage and Hour Division, United States Department of Labor, Phoenix District Office, 230 N. First Ave., Suite 402, Phoenix, Arizona 85003 on or before the date due.

b.    Each payment due under this Judgment shall be made by certified cashier's check or money order made payable to "Wage & Hour Div., Labor," and shall have "Federico's" and the type of payment (as set forth in the "Type" column in Exhibit B) written on the memo line of the check or money order.

c.    Within ten calendar days of the date this Judgment is entered, the Araiza Defendants shall deliver a schedule for each restaurant listed in Exhibit A containing:  (1) the restaurant's employer name, employer identification number, employer address and telephone numbers, and (2) the names, last known home addresses, social security numbers, home telephone numbers, and mobile telephone numbers of each employee named in Exhibit A.

d.    Within ten calendar days of the entry of this Judgment, the Araiza Defendants, Martha Faviola Araiza, and Silvia Araiza shall deliver a payment of $25,000. This payment shall be allocated to liquidated damages, and shall have "Federico's – LD" written in the memo line of the check or money order.

e.    Beginning on the 5th day of the month following the date of the initial $25,000 payment, the Araiza Defendants, Martha Faviola Araiza, and Silvia Araiza shall deliver 24 more monthly payments, for a total of 25 payments.  Payments shall be delivered on the 5th day of each month, in the amounts and of the type set forth in

Exhibit B.  Payments 2 through 11 shall be allocated to liquidated damages, plus interest, and shall have "Federico's – LD" written in the memo line of the check or money order. Payment 12 shall be made using two separate checks or money orders – one for liquidated damages plus interest, and one for back wages plus interest, as set forth in Exhibit B – and shall have "Federico's – LD" and "Federico's – BW," respectively, written in the memo line of each check or money order.  Payments 13 through 25 shall be allocated to back wages plus interest, and shall have "Federico's – BW" written in the memo line of the check or money order.

      f.    The Secretary agrees not to execute or initiate any further court proceedings to collect on this Judgment so long as the Araiza Defendants, Martha Faviola Araiza, and Silvia Araiza do not default on making timely payments and remain in compliance with the other obligations imposed in this Judgment.  If the Araiza Defendants, Martha Faviola Araiza, and Silvia Araiza default on making timely payments, as required by this Judgment, the full outstanding balance due under this Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Judgment until the amount of this Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division.  For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within 5 calendar days of the due date set forth in Exhibit B.

      8.    The Secretary shall allocate and distribute the back wages and liquidated damages, plus interest, to the employees named in Exhibit A (or to their heirs or estates)

in his sole discretion.  Any money not so paid within three years from the date of its receipt because of a failure to locate an employee or because of an employee's refusal to accept the money shall be deposited with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.  The Secretary shall be responsible for deducting the employee share of Social Security, Medicare, and federal income taxes from the amounts paid to the persons named in Exhibit A, and for remitting deductions to the appropriate federal agencies.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

9.     To promote compliance with the FLSA's overtime provisions, Defendants shall implement the following measures in all restaurants operating under the trade name "Federico's Mexican Food" or "Federico's" ("the Restaurants"):

a.     All employees who are not exempt from overtime under the Secretary's regulations, 29 CFR Part 541, shall clock in and out for all hours worked.  To be exempt, an employee generally must be paid on a salaried basis at a rate not less than $455 per week, and the employee's primary duties must be executive, managerial, or professional.

b.     Records of the hours worked by employees shall be kept, preserved, and made available to authorized agents of the Secretary for inspection, transcription, and/or copying for five years from the date of entry of this Judgment.

c.     When wages are paid, all non-exempt employees shall be provided with a check stub or statement showing (1) gross wages earned, (2) total hours worked by the

employee, (3) all deductions, (4) net wages earned, (5) the inclusive dates of the period for which the employee is paid, and (6) all applicable hourly rates (including overtime rates) in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

d.    All employees shall be provided with a handbook, written in both English and Spanish, which will include Wage and Hour Fact Sheets Nos. 21 (Recordkeeping), 22 (Hours Worked), and 23 (Overtime), attached as Exhibit D to this Judgment, in both Spanish and English.

e.    If any non-exempt employee works in two or more of any of the Restaurants owned and operated directly or through any entity by the Araiza Defendants (including the restaurants listed in Exhibit C, Part I to this Judgment) during a single workweek, the hours worked in each restaurant shall be totaled for purposes of determining whether the employee is entitled to overtime pay under the FLSA, and the employee shall be given a single paycheck stub or statement showing the total hours worked in all the restaurants, and the other information required by Paragraph 9(c).

10.    The Araiza Defendants shall be deemed to have satisfied the requirements of Paragraph 9 when they comply with the following provisions:

a.    Within thirty calendar days of the date this Judgment is entered, the Araiza Defendants will implement the provisions of Paragraph 9 in any and all of the Restaurants that the Araiza Defendants directly or through any entity own and operate, including but not limited to the restaurants listed in Exhibit C, Part I to this Judgment. In

addition, the Araiza Defendants will implement the requirements of Paragraph 9 in all "Federico's Mexican Food" and "Federico's" restaurants that they own and operate directly or through any entity in the future.

b.     Within thirty calendar days of the date this Judgment is entered, the Araiza Defendants will incorporate the requirements of Paragraph 9(a) – (d) into their existing contracts with licensees operating any of the Restaurants owned by the Araiza Defendants, including but not limited to the licensees listed in Exhibit C, Part II to this Judgment.  In addition, the Araiza Defendants will include the requirements of Paragraph 9(a) – (d) in all contracts with future licensees.  The Araiza Defendants will monitor their licensees' compliance with these requirements and take all necessary legal action to enforce them.

11.     FEMEX, LLC shall be deemed to have satisfied the requirements of Paragraph 9 when it complies with the following provisions:

a.     Within thirty calendar days of the date of entry of this Judgment, FEMEX, LLC will implement the provisions of Paragraphs 9(a) – (d) in any and all of the Restaurants that FEMEX, LLC directly owns and operates.  In addition, FEMEX, LLC will implement the requirements of Paragraph 9(a) – (d) in all "Federico's Mexican Food" and "Federico's" restaurants that it owns and operates in the future.

b.     Within thirty calendar days of the date this Judgment is entered, FEMEX, LLC will incorporate the requirements of Paragraph 9(a) – (d) into all its existing assignment, franchise, and licensing contracts regarding ownership and use of the trade

names "Federico's Mexican Food" and "Federico's," including but not limited to contracts with RIO ARCAZ, LLC, and with the restaurant owners and licensees listed in Exhibit C to this Judgment. In addition, FEMEX, LLC will include the requirements of Paragraph 9(a) – (d) in all such future assignment, licensing, and franchise contracts. FEMEX, LLC will monitor compliance with these requirements in the Restaurants and take all necessary legal action to enforce them.

12.     Each party shall bear all fees and other expenses (including court costs and attorney's fees) incurred by the party in connection with any stage of this proceeding.

13.     The filing, pursuit and/or resolution of this proceeding with the entry of the Judgment shall not act as or be asserted as a bar to any action under FLSA § 16, 29 U.S.C § 216, as to any employee not named in Exhibit A to this Judgment, nor as to any employee named in Exhibit A for any period not specified therein.

IT IS FURTHER ORDERED that the Joint Motion to Approve Proposed Consent Judgment (Doc. 12) is GRANTED, judgment is entered in favor of the Secretary, and this matter is DISMISSED.  The parties agree that this Court has jurisdiction over any action brought to enforce compliance with the terms of this Consent Judgment.

Dated this 19th day of May, 2016.


_____
Bridget S. Bade
United States Magistrate Judge


CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. Araiza Enterprises, Inc., et al*, Case No. 2:16-cv-00867-BSB

## Exhibit A

**Restaurant #1:**

**Federico's Mexican Food Restaurant**
**4014 N 43rd Ave.**
**Phoenix, AZ 85031**

| Employee | Back Wages Due | Liquidated Damages Due | Total |
|---|---|---|---|
| Arvisu, Felipa | $68.00 | $68.00 | $136.00 |
| Chavez, Edith | $272.50 | $272.50 | $545.00 |
| Chavez, Mauro | $2,663.00 | $2,663.00 | $5,326.00 |
| Enriquez, Nubia | $1,875.00 | $1,875.00 | $3,750.00 |
| Fabian, Berenice | $171.25 | $171.25 | $342.50 |
| Garcia Castilla, Jose de Jesus | $451.00 | $451.00 | $902.00 |
| Garcia, Jose de Jesus | $5,483.88 | $5,483.88 | $10,967.76 |
| Gutierrez, Francisco | $2,660.00 | $2,660.00 | $5,320.00 |
| Hernandez, Israel | $440.00 | $440.00 | $880.00 |
| Herrera Mendoza, Jose | $1,173.00 | $1,173.00 | $2,346.00 |
| Llamas, Guillermina | $279.25 | $279.25 | $558.50 |
| Sanchez, Aurelio | $252.00 | $252.00 | $504.00 |
| Santa Maria, Rey | $3,171.00 | $3,171.00 | $6,342.00 |
| Santa Maria, Roberto | $3,520.00 | $3,520.00 | $7,040.00 |
| Soto, Fabiola | $130.25 | $130.25 | $260.50 |

Subtotal: **$22,610.13**     **$22,610.13**     **$45,220.26**

Interest (1% per year):  **$415.06**

Total:  **$45,635.32**

1

**Exhibit A - continued**

2

**Restaurant #2:**

3
4

      **Federico's Mexican Food Restaurant**
      **3730 W. Happy Valley Rd. Suite 109**

5

      **Glendale, AZ 85310**

6
7

| Employee | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|
| Acosta, Yadira | $1,147.50 | $1,147.50 | $2,295.00 |
| Ayala, Martha | $256.50 | $256.50 | $513.00 |
| Carillo, Karla | $1,560.38 | $1,560.38 | $3,120.76 |
| Cedeno, Sonia | $471.19 | $471.19 | $942.38 |
| Cruz, Victor | $9,767.25 | $9,767.25 | $19,534.50 |
| Felix, Javier | $130.69 | $130.69 | $261.38 |
| Gabaldon, Jennifer | $1,632.00 | $1,632.00 | $3,264.00 |
| Garcia de la Torre, Alfredo | $3,551.63 | $3,551.63 | $7,103.26 |
| Garza, Juan | $6,259.69 | $6,259.69 | $12,519.38 |
| Gomez, Idalia | $2,118.38 | $2,118.38 | $4,236.76 |
| Gomez, Yecenia | $423.00 | $423.00 | $846.00 |
| Gonzalez, Melissa | $81.38 | $81.38 | $162.76 |
| Gutierrez, Adelaido | $5,896.88 | $5,896.88 | $11,793.76 |
| Hernandez Flores, Jose | $178.06 | $178.06 | $356.12 |
| Higuera, Ignacio | $544.50 | $544.50 | $1,089.00 |
| Juarez, Angelica | $45.38 | $45.38 | $90.76 |
| Lopez, Jose | $222.75 | $222.75 | $445.50 |
| Lopez, Wilebaldo | $2,913.75 | $2,913.75 | $5,827.50 |
| Martinez, Joan | $4,552.25 | $4,552.25 | $9,104.50 |
| Munoz Roja, Rodolfo | $309.38 | $309.38 | $618.76 |
| Samaniega, Daniela | $2,010.25 | $2,010.25 | $4,020.50 |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

        **Subtotal:**   **$44,072.79**     **$44,072.79**     **$88,145.58**

23
24

      **Interest (1% per year):**   **$806.14**

25
26

      **Total:**   **$88,95.72**

27
28

CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. Araiza Enterprises, Inc., et al*, Case No. 2:16-cv-00867-BSB

1

## Exhibit A - continued

2

**Restaurant # 3:**

3

4

**Federico's Mexican Food Restaurant**
**20429 N. Lake Pleasant Suite 101**
**Peoria, AZ 85382**

5

6

7

| Employee | Back Wages Due | Liquidated Damages Due | Total Due |
|----------|----------------|------------------------|-----------|
| Gutierrez, Jose | $3,023.20 | $3,023.20 | $6,046.40 |
| Mendoza, Fernando | $3,214.00 | $3,214.00 | $6,428.00 |
| Oronez, Juan David | $396.00 | $396.00 | $792.00 |

8

9

10

**Subotal:   $6,633.20        $6,633.20        $13,266.40**

11

12

**Interest (1% per year):   $122.97**

13

**Total:   $13,389.37**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

<u>**Exhibit A - continued**</u>

3

**Restaurant #4:**

4
5
6

      **Federico's Mexican Food Restaurant**
      **7410 S. 35th Ave.**
      **Laveen, AZ 85339**

7
8
9
10
11
12
13

| Employee | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|
| Araiza, Ignacio | $3,737.00 | $3,737.00 | $7,474.00 |
| Araiza, Rafael | $3,434.00 | $3,434.00 | $6,868.00 |
| Bujanda, Blanca | $3,343.00 | $3,343.00 | $6,686.00 |
| Bujanda, Priscilla | $597.50 | $597.50 | $1,195.00 |
| De la Torre, Martin | $3,939.00 | $3,939.00 | $7,878.00 |
| Martinez, Sergio | $4,040.00 | $4,040.00 | $8,080.00 |
| Osario, Felipe | $3,582.00 | $3,582.00 | $7,164.00 |
| Rios, Luis | $1,248.00 | $1,248.00 | $2,496.00 |
| Santillan, Miguel | $3,939.00 | $3,939.00 | $7,878.00 |

14

              **Subtotal:**  **$27,859.50**      **$27,859.50**      **$55,719.00**

15
16

    **Interest (1% per year):**  **$509.13**

17

              **Total:**  **$56,228.13**

18
19
20
21
22
23
24
25
26
27
28

**Exhibit A - continued**

**Totals for Restaurants 1, 2, 3, and 4:**

| | |
|---|---|
| Total Back Wages Due: | $101,175.62 |
| Total Liquidated Damages Due: | $101,175.62 |
| Total Interest on Back Wages and Liquidated Damages (1% per year): | $1,853.30 |
| **Grand Total:** | **$204,204.54** |

**Exhibit B**

|   | Date Due | Principal | Interest (1% per year) | Total Due | Type* |
|---|----------|-----------|------------------------|-----------|-------|
| 1 | 10 days after entry of Consent Judgment | $25,000 | 0 | **$25,000** | LD |
| 2 | 5th of the month after Payment 1 | $7,319.06 | $147.80 | **$7,466.86** | LD |
| 3 | 5th of the month after Payment 2 | $7,325.18 | $141.68 | **$7,466.86** | LD |
| 4 | 5th of the month after Payment 3 | $7,331.26 | $135.60 | **$7,466.86** | LD |
| 5 | 5th of the month after Payment 4 | $7,337.38 | $129.48 | **$7,466.86** | LD |
| 6 | 5th of the month after Payment 5 | $7,343.50 | $123.36 | **$7,466.86** | LD |
| 7 | 5th of the month after Payment 6 | $7,349.61 | $117.25 | **$7,466.86** | LD |
| 8 | 5th of the month after Payment 7 | $7,355.73 | $111.13 | **$7,466.86** | LD |
| 9 | 5th of the month after Payment 8 | $7,361.87 | $104.99 | **$7,466.86** | LD |
| 10 | 5th of the month after Payment 9 | $7,368.00 | $98.86 | **$7,466.86** | LD |
| 11 | 5th of the month after Payment 10 | $7,374.14 | $92.72 | **$7,466.86** | LD |
| 12 | 5th of the month after Payment 11** | $2,709.89 | $31.79 | **$2,741.68** (check/money order #1) | LD |
|    |          | $4,670.40 | $54.78 | **$4,725.18** (check/money order # 2) | BW |
| 13 | 5th of the month after Payment 12 | $7,386.44 | $80.42 | **$7,466.86** | BW |
| 14 | 5th of the month after Payment 13 | $7,392.60 | $74.26 | **$7,466.86** | BW |
| 15 | 5th of the month after Payment 14 | $7,398.76 | $68.10 | **$7,466.86** | BW |

**Exhibit B – continued**

|  | Date Due | Principal | Interest (1% per year) | Total Due | Type* |
|---|---|---|---|---|---|
| 16 | 5th of the month after Payment 15 | $7,404.92 | $61.94 | **$7,466.86** | BW |
| 17 | 5th of the month after Payment 16 | $7,411.09 | $55.77 | **$7,466.86** | BW |
| 18 | 5th of the month after Payment 17 | $7,417.27 | $49.59 | **$7,466.86** | BW |
| 19 | 5th of the month after Payment 18 | $7,423.45 | $43.41 | **$7,466.86** | BW |
| 20 | 5th of the month after Payment 19 | $7,429.63 | $37.23 | **$7,466.86** | BW |
| 21 | 5th of the month after Payment 20 | $7,435.82 | $31.04 | **$7,466.86** | BW |
| 22 | 5th of the month after Payment 21 | $7,442.03 | $24.83 | **$7,466.86** | BW |
| 23 | 5th of the month after Payment 22 | $7,448.22 | $18.64 | **$7,466.86** | BW |
| 24 | 5th of the month after Payment 23 | $7,454.44 | $12.42 | **$7,466.86** | BW |
| 25 | 5th of the month after Payment 24 | $7,460.55 | $6.21 | **$7,466.76** | BW |

Total:   **$202,351.24   $1,853.30      $204,204.54**

*All payments must have the payment type (LD or BW) written on the face of the certified or cashier's check or money order. LD refers to liquidated damages. BW refers to back wages.

** Payment 12 will be made by two separate checks or money orders – one for back wages and one for liquidated damages.

1

## Exhibit C

2

Part I.   Restaurants Owned and Operated Directly and Through other Entities by
the Araiza Defendants

3

4   **1.  Federico's Mexican Food Restaurant**
**7410 S 35th Ave., Laveen, AZ 85339**

5

6           Owner / Operating Entity:          Araiza Brothers Enterprises VII, LLC
(Members: Isidro Araiza, Ricardo Araiza)

7

8   **2.  Federico's Mexican Food Restaurant**
**4014 N 43rd Ave., Phoenix, AZ 85031**

9

10          Owner / Operating Entity:          Araiza Enterprises, Inc.
(Member: Isidro Araiza)

11

12  **3.  Federico's Mexican Food Restaurant**
**13132 W Camelback Rd., Litchfield Park, AZ 85340**

13

14          Owner / Operating Entity:          Araiza Brothers Enterprises V, LLC
(Members: Isidro Araiza, Ricardo Araiza)

15

16  **4.  Federico's Mexican Food Restaurant**
**3343 W Camelback Rd., Phoenix, AZ 85017**

17

18          Owner / Operating Entity:          Ricardo Araiza Enterprises, Inc.
(Shareholder: Ricardo Araiza)

19

20  **5.  Federico's Mexican Food Restaurant**
**3730 W Happy Valley Rd. Suite 109, Glendale, AZ 85310**

21

22          Owner / Operating Entity:  Araiza Brothers Enterprises VI, LLC
(Members: Isidro Araiza, Ricardo Araiza)

23

24  **6.  Federico's Mexican Food Restaurant**
**6645 W Thomas Rd., Phoenix, AZ 85035**

25

26          Owner / Operating Entity:          Araiza Brothers Enterprises, Inc.
(Shareholders: Isidro Araiza, Ricardo Araiza)

27

28

CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. Araiza Enterprises, Inc., et al*, Case No. 2:16-cv-00867-BSB

## Exhibit C – continued

Part II.          Restaurants Operated by Licensees of the Araiza Defendants

**7.  Federico's Mexican Food Restaurant**
   **14144 N 100th St, Suite B100, Scottsdale, AZ 85260**

|  |  |
|---|---|
| Owner: | Araiza Brothers Enterprises, Inc. (Shareholders: Isidro Araiza, Ricardo Araiza) |
| Licensee / Operating Entity: | Sanjuanitas, LLC (Member: Sanjuana Maldonado) |

**8.  Federico's Mexican Food Restaurant**
   **20429 N Lake Pleasant, Suite 101, Peoria, AZ 85382**

|  |  |
|---|---|
| Owner: | Araiza Brothers Enterprises IX, LLC (Members: Isidro Araiza, Ricardo Araiza) |
| Licensee / Operating Entity: | Llamas Solano, LLC (Member: Guillermina Solano) |

**9.  Federico's Mexican Food Restaurant**
   **4490 W Peoria Ave. Glendale, AZ 85302**

|  |  |
|---|---|
| Owner: | Araiza Brothers Enterprises IV, LLC (Members: Isidro Araiza, Ricardo Araiza) |
| Licensee / Operating Entity: | Garza Rodriguez, LLC (Member: Antonio Garza) |

**10. Federico's Mexican Food Restaurant**
   **485 S Watson Rd., Suite 101, Buckeye, AZ 85326**

|  |  |
|---|---|
| Owner: | Araiza Brothers Enterprises IV, LLC (Members: Ricardo Araiza, Isidro Araiza) |
| Licensee / Operating Entity: | Los Compadres Buckeye, LLC (Member: Emilio Alvarado) |

CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. Araiza Enterprises, Inc., et al*, Case No. 2:16-cv-00867-BSB

1

**Exhibit C - continued**

2

Part II - continued

3
4

**11. Federico's Mexican Food Restaurant**
   **6680 W. Peoria Ave., Glendale AZ 85304**

5
6

Owner:                          Araiza Brothers Enterprises II, LLC
                                (Members: Ricardo Araiza, Isidro Araiza)

7
8

Licensee / Operating Entity:    Gutierrez Pinales Company, LLC
                                (Member: Felipe de Jesus Gutierrez)

9

10

Part III.        Other Restaurants

11
12

**12. Federico's Mexican Food Restaurant**
   **1621 E. Van Buren St., Phoenix, AZ  85034**

13

Owner:                          FEMEX, LLC

14
15
16

Licensee / Operating Entity:    L&M Restaurant, LLC
                                (Members: Marisela Lopez Rubalcaba,
                                Juan Manuel Gomes Santana)

17
18

**13. Federico's Mexican Food Restaurant**
   **5644 South Central Ave., Phoenix, AZ 85040**

19
20

Owner / Operating Entity:       Esmeralda Enterprises, LLC
                                (Members: Jorge Aaron Esmeralda-Bernal)

21
22

**14. Federico's Mexican Food Restaurant**
   **2240 W. Indian School Rd., Phoenix, AZ 85015**

23
24
25

Owner / Operating Entity:       Jose Alfredo Almanza, Inc.
                                 (Shareholders: Jose Alfredo Almanza Sr.,
                                 Dora Cardenas)

26
27
28

1

**<u>Exhibit C – continued</u>**

2

<u>Part III - continued</u>

3

4

**15. Federico's Mexican Food Restaurant**
   **10802 N 32nd St. Phoenix, AZ   85028**

5

6

7

       Owner / Operating Entity:      Dora Almanza, LLC
                               (Members: Jose Alfredo Almanza Jr.,
                               Laura Perez, Diana Almanza, Julio C. Almanza)

8

9

**16. Federico's Mexican Food Restaurant**
   **20350 N Cave Creek Rd., Phoenix, AZ 85024**

10

11

       Owner / Operating Entity:      Jose and Dora, LLC
                               (Members: Jose Alfredo Almanza Sr.,
                               Dora Cardenas)

12

13

**17. Federico's Mexican Food Restaurant**
   **8777 NW Grand Ave., Peoria, AZ 85345**

14

15

       Owner / Operating Entity:      Leonardo Restaurants, Inc.
                               (Shareholders: Leonardo Alvarado Soto)

16

17

18

**18. Federico's Mexican Food Restaurant**
   **6631 N.  59th Ave., Glendale, AZ 85301**

19

20

       Owner / Operating Entity:      Los Cuates Restaurant, LLC
                               (Members: Lina Lopez, Gustavo Lopez)

21

22

**19. Federico's Mexican Food Restaurant**
   **7616 W. Indian School Rd., Phoenix, AZ 85033**

23

24

       Owner / Operating Entity:      LM & Sons, LLC
                               (Members: Lina Lopez, Gustavo Lopez)

25

26

**20. Federico's Mexican Food Restaurant**
   **12100 N. Dysart Rd., Surprise, AZ 85335**

27

28

       Owner / Operating Entity:      LM & Sons II, LLC
                               (Members: Lina Lopez, Gustavo Lopez)

**Exhibit C - continued**

<u>Part III – continued</u>

**21. Federico's Mexican Food Restaurant**
**1590 Deborah Rd., S.E., Rio Rancho, NM 87124**

    Owner:                        RIO ARCAZ, LLC

    Licensee / Operating Entity:    Almanza Brothers, Inc.
                                               (Member: Dora Cardenas)

**22. Federico's Mexican Food Restaurant**
**16995 W Greenway Rd., Surprise AZ 85388**

    Owner / Operating Entity:    Shaddai Holdings, LLC
                                               (Members: Lina Lopez, Gustavo Lopez)

**23. Federico's Mexican Food Restaurant**
**1470 E. Northern Ave., Kingman, AZ 86409**

    Owner / Operating Entity:    Fedekingman LLC
                                             (Members: Bertha A. Salaisa Diaz;
                                           Manager: Federico Cardenas)

**24. Federico's Mexican Food Restaurant**
**1109 Juan Tabo N.E., Albuquerque, NM 87112**

    Owner:                        RIO ARCAZ, LLC

    Licensee / Operating Entity:    Francisco Almanza dba Almanza
                                             Enterprises

**25. Federico's Mexican Food Restaurant**
**5555 Zuni Rd., S.E., Albuquerque, NM 87108**

    Owner:                        RIO ARCAZ, LLC

    Licensee / Operating Entity:    Murillo Enterprises, LLC

                                             (Members: Miguel Murillo)

Exhibit D

**U.S. Department of Labor**
Wage and Hour Division



(Revised July 2008)

# Fact Sheet #21: Recordkeeping Requirements under the Fair Labor Standards Act (FLSA)

This fact sheet provides a summary of the FLSA's recordkeeping regulations, 29 CFR Part 516.

**Records To Be Kept By Employers**

Highlights: The FLSA sets minimum wage, overtime pay, recordkeeping, and youth employment standards for employment subject to its provisions. Unless exempt, covered employees must be paid at least the minimum wage and not less than one and one-half times their regular rates of pay for overtime hours worked.

Posting: Employers must display an official poster outlining the provisions of the Act, available at no cost from local offices of the Wage and Hour Division and toll-free, by calling 1-866-4USWage (1-866-487-9243). This poster is also available electronically for downloading and printing at http://www.dol.gov/osbp/sbrefa/poster/main.htm.

What Records Are Required: Every covered employer must keep certain records for each non-exempt worker. The Act requires no particular form for the records, but does require that the records include certain identifying information about the employee and data about the hours worked and the wages earned. The law requires this information to be accurate. The following is a listing of the basic records that an employer must maintain:

1. Employee's full name and social security number.
2. Address, including zip code.
3. Birth date, if younger than 19.
4. Sex and occupation.
5. Time and day of week when employee's workweek begins.
6. Hours worked each day.
7. Total hours worked each workweek.
8. Basis on which employee's wages are paid (e.g., "$9 per hour", "$440 a week", "piecework")
9. Regular hourly pay rate.
10. Total daily or weekly straight-time earnings.
11. Total overtime earnings for the workweek.
12. All additions to or deductions from the employee's wages.
13. Total wages paid each pay period.
14. Date of payment and the pay period covered by the payment.

How Long Should Records Be Retained: Each employer shall preserve for at least three years payroll records, collective bargaining agreements, sales and purchase records. Records on which wage computations are based should be retained for two years, i.e., time cards and piece work tickets, wage rate tables, work and time schedules, and records of additions to or deductions from wages. These records must be open for inspection by the Division's representatives, who may ask the employer to make extensions, computations, or transcriptions. The records may be kept at the place of employment or in a central records office.

FS 21

What About Timekeeping: Employers may use any timekeeping method they choose. For example, they may use a time clock, have a timekeeper keep track of employee's work hours, or tell their workers to write their own times on the records. Any timekeeping plan is acceptable as long as it is complete and accurate.

The following is a sample timekeeping format employers may follow but are not required to do so:

| DAY | DATE | IN | OUT | TOTAL HOURS |
|---|---|---|---|---|
| Sunday | 6/3/07 | -------- | -------- | -------- |
| Monday | 6/4/07 | 8:00am | 12:02pm | |
| | | 1:00pm | 5:03pm | 8 |
| Tuesday | 6/5/07 | 7:57am | 11:58am | |
| | | 1:00pm | 5:00pm | 8 |
| Wednesday | 6/6/07 | 8:02am | 12:10pm | |
| | | 1:06pm | 5:05pm | 8 |
| Thursday | 6/7/07 | -------- | -------- | -------- |
| Friday | 6/8/07 | -------- | -------- | -------- |
| Saturday | 6/9/07 | -------- | -------- | -------- |

**Total Workweek Hours:**                                         **24**

Employees on Fixed Schedules: Many employees work on a fixed schedule from which they seldom vary. The employer may keep a record showing the exact schedule of daily and weekly hours and merely indicate that the worker did follow the schedule. When a worker is on a job for a longer or shorter period of time than the schedule shows, the employer must record the number of hours the worker actually worked, on an exception basis.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**                                     **1-866-4-USWAGE**
Frances Perkins Building                                          TTY: 1-866-487-9243
200 Constitution Avenue, NW                                      **Contact Us**
Washington, DC 20210

**Departamento De Trabajo de EEUU**
División de Horas y Salarios



(Octubre 2007)

## Hoja de datos #21: Requisitos para preservar los Registros conforme a la Ley de Normas Razonables de Trabajo (FLSA-abreviatura en inglés)

Esta hoja de datos proporciona un resumen de los Requisitos para preservar los Registros de la FLSA, 29 CFR Parte 516.

**Registros que deben mantener los empleadores.**

Temas Importantes: La Ley de Normas Razonables de trabajo, FLSA establece normas sobre salarios mínimos, pago de horas extras, preservación de registros y empleo de menores.   A menos que sean exentos, a los empleados  protegidos por esta ley, se les deberá pagar al menos el salario mínimo y no menos del equivalente a una hora y media de su tarifa habitual, por horas extras trabajadas.

Póster: Los empleadores deben exhibir un anuncio oficial que contenga las disposiciones de la Ley, disponible en forma gratuita en las oficinas locales de la División de Horas y Salarios, y comunicándose sin cargo al 1-866-4USWage (1-866-487-9243). Este póster también se puede descargar e imprimir por vía electrónica http://www.dol.gov/osbp/sbrefa/poster/main.htm

Registros Requeridos: Cada empleador cubierto por la ley, debe mantener ciertos registros para cada trabajador no exento. La Ley no exige un formulario especial para los registros, pero sí obliga a que los registros incluyan cierta información identificatoria del empleado y datos acerca de las horas trabajadas y los salarios percibidos. La ley exige que esta información sea precisa. A continuación, se enumeran los registros básicos que el empleador debe mantener:

1. Nombre completo y número de seguro social del empleado.
2. Domicilio, incluído el código postal.
3. Fecha de nacimiento, si es menor de 19 años.
4. Sexo y ocupación.
5. Hora y día de la semana en que comienza la semana laboral del empleado.
6. Horas trabajadas por día.
7. Total de horas trabajadas cada semana.
8. Bases sobre las que se pagan los salarios del empleado (por ejemplo, "$9 por hora", "$440 por semana", "a destajo")
9. Tarifa habitual por hora.
10. Total de remuneraciones diarias o semanales sin horas extras.
11. Total de remuneración de las horas extras por semana.
12. Todos los incrementos o deducciones realizadas en los salarios del empleado.
13. Salarios totales pagados en cada período.
14. Fecha de pago y período incluído en el pago.

FS 21-SP

Cómo mantener los registros de asistencia? Los empleadores pueden utilizar el método que elijan para controlar la asistencia.  Por ejemplo, pueden utilizar un reloj registrador, tener una persona que registre las horas de trabajo del empleado, o solicitarles a sus trabajadores que anoten sus propios horarios en los registros. Se acepta cualquier plan de control de horarios, siempre que sea completo y preciso.

A continuación, se detalla un formato de control horario que los empleadores pueden adoptar, aunque no están obligados a hacerlo:

| DÍA | FECHA | INGRESO | SALIDA | TOTAL DE HORAS |
|-----|-------|---------|--------|----------------|
| Nombre del Empleado: | | | | |
| Domingo | 5/6/07 | | -------- | |
| Lunes | 5/7/07 | 8:00 | 12:02 | |
| | | 1:00 | 5:03 | 8 |
| Martes | 5/8/07 | 7:57 | 11:58 | |
| | | 1:00 | 5:00 | 8 |
| Miércoles | 5/9/07 | 8:02 | 12:10 | |
| | | 1:06 | 5:05 | 8 |
| Jueves | 5/10/07 | | -------- | |
| Viernes | 5/11/07 | | -------- | |
| Sábado | 5/12/07 | | -------- | |
| Total de horas semanales | | | | 24 |

Empleados con horarios fijos: Muchos empleados trabajan en un horario fijo que rara vez varía. El empleador puede llevar un registro que indique el horario exacto de horas diarias y semanales, y simplemente indicar que el trabajador cumplió el horario. Cuando un empleado trabaja más ó menos tiempo que el que indica el calendario de trabajo, el empleador debe registrar la cantidad de horas que el empleado  realmente trabajó, como una excepción.

Tiempo que deben conservarse los registros: Cada empleador conservará durante al menos tres años los registros de pagos, los acuerdos de negociaciones colectivas, y los registros de ventas y de compras. Los registros sobre los cuales se basan los cálculos de los salarios deberán conservarse por dos años, por ejemplo,

tarjeta**s** de horas de trabajo, boletas de trabajos a destajo, tablas de salarios y calendarios de trabajo y horas, y registros de incrementos o deducciones salariales. Estos registros deben estar a disposición de los representantes de la División para su inspección, quienes pueden solicitar al empleador que efectúe ampliaciones, cálculos o transcripciones. Los registros deben guardarse en el lugar de trabajo o en una oficina central de registros.

**Dónde obtener información adicional**

**Para mayor información, visite nuestro sitio web Horas y Salarios: <u>http://www.wagehour.dol.gov</u> o comuníquese llamando a nuestro servicio gratuito de información y asistencia Horas y Salarios, disponible de 8 a.m. a 5 p.m. en su zona horaria, 1-866-4USWAGE (1-866-487-9243).**

Esta publicación tiene por objeto proveer información general y no deberá ser considerada del mismo tenor que las declaraciones oficiales expresadas en los Reglamentos.  La presente ficha es parte de una serie de fichas técnicas que presentan los diferentes programas del Departamento de Trabajo de los EE. UU. El objetivo es proveer únicamente una descripción general y no tiene validez jurídica.

**U.S. Department of Labor**                                                                    **1-866-4-USWAGE**
Frances Perkins Building                                                                   TTY: 1-877-889-5627
200 Constitution Avenue, NW                                                     <u>Comuníquese con nosotros</u>
Washington, DC 20210

WHD Fact Sheet #21
Recordkeeping Requirements under the Fair Labor Standards Act (FLSA)
Revised October 2007

**U.S. Department of Labor**
Wage and Hour Division



U.S. Wage and Hour Division
(Revised July 2008)

# Fact Sheet #22: Hours Worked Under the Fair Labor Standards Act (FLSA)

This fact sheet provides general information concerning what constitutes compensable time under the FLSA. The Act requires that employees must receive at least the minimum wage and may not be employed for more than 40 hours in a week without receiving at least one and one-half times their regular rates of pay for the overtime hours. The amount employees should receive cannot be determined without knowing the number of hours worked.

**Definition of "Employ"**

By statutory definition the term "employ" includes "to suffer or permit to work." The workweek ordinarily includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place. "Workday", in general, means the period between the time on any particular day when such employee commences his/her "principal activity" and the time on that day at which he/she ceases such principal activity or activities. The workday may therefore be longer than the employee's scheduled shift, hours, tour of duty, or production line time.

**Application of Principles**

Employees "Suffered or Permitted" to work: Work not requested but suffered or permitted to be performed is work time that must be paid for by the employer. For example, an employee may voluntarily continue to work at the end of the shift to finish an assigned task or to correct errors. The reason is immaterial. The hours are work time and are compensable.

**Waiting Time:** Whether waiting time is hours worked under the Act depends upon the particular circumstances. Generally, the facts may show that the employee was engaged to wait (which is work time) or the facts may show that the employee was waiting to be engaged (which is not work time). For example, a secretary who reads a book while waiting for dictation or a fireman who plays checkers while waiting for an alarm is working during such periods of inactivity. These employees have been "engaged to wait."

**On-Call Time:** An employee who is required to remain on call on the employer's premises is working while "on call." An employee who is required to remain on call at home, or who is allowed to leave a message where he/she can be reached, is not working (in most cases) while on call. Additional constraints on the employee's freedom could require this time to be compensated.

**Rest and Meal Periods:** Rest periods of short duration, usually 20 minutes or less, are common in industry (and promote the efficiency of the employee) and are customarily paid for as working time. These short periods must be counted as hours worked. Unauthorized extensions of authorized work breaks need not be counted as hours worked when the employer has expressly and unambiguously communicated to the employee that the authorized break may only last for a specific length of time, that any extension of the break is contrary to the employer's rules, and any extension of the break will be punished. Bona fide meal periods (typically 30 minutes or more) generally need not be compensated as work time. The employee must be completely relieved from duty for the purpose of eating regular meals. The employee is not relieved if he/she is required to perform any duties, whether active or inactive, while eating.

FS 22

**Sleeping Time and Certain Other Activities:** An employee who is required to be on duty for less than 24 hours is working even though he/she is permitted to sleep or engage in other personal activities when not busy. An employee required to be on duty for 24 hours or more may agree with the employer to exclude from hours worked bona fide regularly scheduled sleeping periods of not more than 8 hours, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. No reduction is permitted unless at least 5 hours of sleep is taken.

**Lectures, Meetings and Training Programs:** Attendance at lectures, meetings, training programs and similar activities need not be counted as working time only if four criteria are met, namely: it is outside normal hours, it is voluntary, not job related, and no other work is concurrently performed.

**Travel Time:** The principles which apply in determining whether time spent in travel is compensable time depends upon the kind of travel involved.

**Home to Work Travel:** An employee who travels from home before the regular workday and returns to his/her home at the end of the workday is engaged in ordinary home to work travel, which is not work time.

**Home to Work on a Special One Day Assignment in Another City:** An employee who regularly works at a fixed location in one city is given a special one day assignment in another city and returns home the same day. The time spent in traveling to and returning from the other city is work time, except that the employer may deduct/not count that time the employee would normally spend commuting to the regular work site.

**Travel That is All in a Day's Work:** Time spent by an employee in travel as part of their principal activity, such as travel from job site to job site during the workday, is work time and must be counted as hours worked.

**Travel Away from Home Community:** Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly work time when it cuts across the employee's workday. The time is not only hours worked on regular working days during normal working hours but also during corresponding hours on nonworking days. As an enforcement policy the Division will not consider as work time that time spent in travel away from home outside of regular working hours as a passenger on an airplane, train, boat, bus, or automobile.

**Typical Problems**

Problems arise when employers fail to recognize and count certain hours worked as compensable hours. For example, an employee who remains at his/her desk while eating lunch and regularly answers the telephone and refers callers is working. This time must be counted and paid as compensable hours worked because the employee has not been completely relieved from duty.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).** This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**                                    **1-866-4-USWAGE**
Frances Perkins Building                                         TTY: 1-866-487-9243
200 Constitution Avenue, NW                                     **Contact Us**
Washington, DC 20210



**Departamento De Trabajo de EEUU**
División de Horas y Salarios

(Octubre 2007)

## Hoja de datos #22: Horas trabajadas de conformidad con las disposiciones de la Ley de Normas Razonables de Trabajo (FLSA-abreviatura en inglés)

Esta ficha técnica provee información general concerniente al tiempo considerado compensativo de acuerdo a las disposiciones de la FLSA. La ley exige que los empleados deben recibir por lo menos el salario mínimo, y no pueden ser empleados por más de 40 horas en una semana sin recibir, por lo menos, el equivalente de tiempo y medio de su tarifa regular de pago por las horas extras trabajadas. La suma que los empleados deben recibir no se puede establecer sin conocer la cantidad de horas trabajadas.

**Definición del término emplear"**

Conforme a la definición legal, el término emplear" incluye "consentir o permitir que alguien trabaje". La semana laboral habitualmente incluye todo el tiempo que el empleado es requerido de permanecer en las instalaciones del empleador, en sus funciones o en un lugar de trabajo asignado. "Jornada laboral" en general designa el período entre la hora en que el empleado, en un día cualquiera, inicia su "actividad principal" y la hora de ese mismo día en la que dicha persona termina la actividad o actividades principales. La jornada laboral puede, por lo tanto, tener una duración mayor que los turnos, horas, período de servicio o tiempo de trabajo en la línea de producción programados.

**Aplicación de las normas**

Empleados a quienes se "consiente o permite" que trabajen: Trabajo no solicitado pero que se consiente o permite que sea realizado son horas de trabajo que el empleador debe pagar. Por ejemplo, de manera voluntaria un empleado puede continuar trabajando al finalizar su turno para terminar una tarea asignada o corregir errores. El motivo no tiene importancia. Estas horas constituyen tiempo de trabajo y deben ser remuneradas.

**Tiempo de espera:** Para determinar si el tiempo de espera es considerado horas trabajadas dentro de la ley, depende de las circunstancias particulares. Generalmente, los hechos pueden demostrar que se contrató al empleado para que espere (lo que constituye tiempo de trabajo) o pueden demostrar que el empleado estaba esperando para ocuparse (lo que no constituye tiempo de trabajo). Por ejemplo, una secretaria que lee un libro mientras espera que le dicten o un bombero que juega a las damas mientras aguarda que suene la alarma están trabajando durante dichos períodos de inactividad. Estos trabajadores fueron "empleados para esperar".

**Tiempo de guardia:** Cuando un empleado debe permanecer de guardia en las instalaciones del empleador, está trabajando en "servicio de guardia". Cuando un empleado debe permanecer de guardia mientras está en su casa, o si es posible localizarlo dejando un mensaje, en la mayoría de los casos la persona no está trabajando mientras se encuentra de guardia. Restricciones adicionales de la libertad del empleado podrían requerir que dicho tiempo deba ser remunerado.

FS 22-SP

**Horarios para comer y de descanso:** Momentos breves de descanso, por lo general de 20 minutos o menos, son comunes en el ámbito industrial (y promueven la eficiencia del empleado), y se acostumbra pagarlos como tiempo de trabajo. Estos períodos breves deben ser contabilizados como horas trabajadas. Las prolongaciones sin permiso de los recesos laborales autorizados no necesitan ser consideradas como horas trabajadas si, de manera expresa e inequívoca, el empleador comunicó al empleado que el receso autorizado sólo podía tener determinada duración, que prolongar el receso iba en contra de las normas estipuladas por el empleador y que toda extensión del receso sería sancionada. Los horarios expresamente asignados para comer (normalmente 30 minutos o más) en general no reciben remuneración como tiempo de trabajo. El empleado debe ser totalmente liberado de sus deberes, con el propósito de consumir las comidas regulares. El empleado no está liberado si debe realizar alguna tarea, sea de manera activa o inactiva, mientras come.

**Horarios para dormir y otras actividades:** Un empleado que es requerido a permanecer en servicio por menos de 24 horas está trabajando, aunque se le permita dormir o dedicar tiempo a otras actividades personales cuando no estuviera ocupado. Un empleado requerido a estar de servicio por un período igual o mayor a 24 horas puede acordar con el empleador excluir de las horas trabajadas períodos para dormir expresamente programados de no más de 8 horas, siempre que el empleador proporcione instalaciones adecuadas para dormir y que el empleado pueda descansar sin interrupciones. No se permiten reducciones a menos que el empleado concilie por lo menos 5 horas de sueño.

**Conferencias, reuniones y programas de entrenamiento:** La asistencia a conferencias, reuniones, programas de entrenamiento y actividades similares no se deberán considerar como tiempo de trabajo sólo si se cumplen los siguientes cuatro requisitos: Ocurre fuera del horario normal laboral, es voluntaria, no se relaciona con la función laboral y no se realiza en forma simultánea con otro trabajo.

**Tiempo de viaje:** Los requisitos que se aplican para establecer si el tiempo empleado en trasladarse debe ser remunerado, dependen del tipo específico de viaje.

**Viaje del domicilio al lugar de trabajo:** Un empleado que viaja desde su domicilio antes de la jornada laboral regular y que regresa a su domicilio al final de la jornada laboral simplemente está viajando rutinariamente de la casa al trabajo, lo que no se considera tiempo de trabajo.

**Viaje del domicilio al trabajo para cumplir tarea especial asignada por un día en otra ciudad:** A un empleado que regularmente trabaja en una ubicación fija en una ciudad se le asigna una tarea especial por un día en otra ciudad y regresa a su domicilio en el mismo día. El tiempo destinado en ir y volver de una ciudad a otra es tiempo de trabajo, salvo que el empleador pueda deducir/no contabilizar el tiempo que el empleado normalmente dedica a viajar al lugar habitual de trabajo.

**Viaje que íntegramente forma parte de la jornada laboral:** El tiempo que un empleado utiliza viajando como parte de su actividad principal (por ejemplo, de un sitio de trabajo a otro durante la jornada laboral) es tiempo de trabajo y se le debe contabilizar como horas trabajadas.

**Viaje afuera del domicilio:** Todo viaje que implica que el empleado pase la noche fuera de casa se considera viaje afuera del domicilio. El viaje afuera del domicilio claramente es tiempo de trabajo cuando trasciende la jornada laboral del empleado. El tiempo no es solamente las horas trabajadas en días regulares de trabajo, sino también las horas regulares en días no laborales. Como regla general, la División no considerará como tiempo

de trabajo el tiempo empleado en viajar fuera de la casa, en horas fuera del horario normal de trabajo en calidad de pasajero de un avión, tren, barco, omnibus ó automóvil.

**Problemas típicos**

Surgen problemas cuando los empleadores no reconocen ni contabilizan determinadas horas trabajadas como horas que deben recibir remuneración. Por ejemplo, el empleado que permanece en su escritorio mientras almuerza, atiende el teléfono normalmente y deriva llamadas está trabajando. Este tiempo debe ser contabilizado y pagado como horas remunerables porque el empleado no fue liberado totalmente de sus tareas.

**Dónde obtener información adicional**

**Para mayor información, visite nuestro sitio web Horas y Salarios: http://www.wagehour.dol.gov o comuníquese llamando a nuestro servicio gratuito de información y asistencia Horas y Salarios, disponible de 8 a.m. a 5 p.m. en su zona horaria, 1-866-4USWAGE (1-866-487-9243).**

Esta publicación tiene por objeto brindar proveer información general y no deberá ser considerada del mismo tenor de las declaraciones oficiales expresadas en los Reglamentos.  La presente ficha es parte de una serie de fichas técnicas que presentan los diferentes programas del Departamento de Trabajo de los EE. UU. El objetivo es proveer únicamente una descripción general y no tiene validez jurídica.

**U.S. Department of Labor**                                                                    **1-866-4-USWAGE**
Frances Perkins Building                                                                  TTY: 1-877-889-5627
200 Constitution Avenue, NW                                                         Comuníquese con nosotros
Washington, DC 20210

**U.S. Department of Labor**
Wage and Hour Division



(Revised July 2008)

# Fact Sheet #23: Overtime Pay Requirements of the FLSA

This fact sheet provides general information concerning the application of the overtime pay provisions of the FLSA.

## Characteristics

An employer who requires or permits an employee to work overtime is generally required to pay the employee premium pay for such overtime work.

## Requirements

Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay. There is no limit in the Act on the number of hours employees aged 16 and older may work in any workweek. The Act does not require overtime pay for work on Saturdays, Sundays, holidays, or regular days of rest, as such.

The Act applies on a workweek basis. An employee's workweek is a fixed and regularly recurring period of 168 hours -- seven consecutive 24-hour periods. It need not coincide with the calendar week, but may begin on any day and at any hour of the day. Different workweeks may be established for different employees or groups of employees. Averaging of hours over two or more weeks is not permitted. Normally, overtime pay earned in a particular workweek must be paid on the regular pay day for the pay period in which the wages were earned.

The regular rate of pay cannot be less than the minimum wage. The regular rate includes all remuneration for employment except certain payments excluded by the Act itself. Payments which are not part of the regular rate include pay for expenses incurred on the employer's behalf, premium payments for overtime work or the true premiums paid for work on Saturdays, Sundays, and holidays, discretionary bonuses, gifts and payments in the nature of gifts on special occasions, and payments for occasional periods when no work is performed due to vacation, holidays, or illness.

Earnings may be determined on a piece-rate, salary, commission, or some other basis, but in all such cases the overtime pay due must be computed on the basis of the average hourly rate derived from such earnings. This is calculated by dividing the total pay for employment (except for the statutory exclusions noted above) in any workweek by the total number of hours actually worked.

Where an employee in a single workweek works at two or more different types of work for which different straight-time rates have been established, the regular rate for that week is the weighted average of such rates. That is, the earnings from all such rates are added together and this total is then divided by the total number of hours worked at all jobs. In addition, section 7(g)(2) of the FLSA allows, under specified conditions, the computation of overtime pay based on one and one-half times the hourly rate in effect when the overtime work is performed. The requirements for computing overtime pay pursuant to section 7(g)(2) are prescribed in 29 CFR 778.415 through 778.421.

FS 23

Where non-cash payments are made to employees in the form of goods or facilities, the reasonable cost to the employer or fair value of such goods or facilities must be included in the regular rate.

**Typical Problems**

Fixed Sum for Varying Amounts of Overtime: A lump sum paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money paid is equal to or greater than the sum owed on a per-hour basis. For example, no part of a flat sum of $180 to employees who work overtime on Sunday will qualify as an overtime premium, even though the employees' straight-time rate is $12.00 an hour and the employees always work less than 10 hours on Sunday. Similarly, where an agreement provides for 6 hours pay at $13.00 an hour regardless of the time actually spent for work on a job performed during overtime hours, the entire $78.00 must be included in determining the employees' regular rate.

Salary for Workweek Exceeding 40 Hours: A fixed salary for a regular workweek longer than 40 hours does not discharge FLSA statutory obligations. For example, an employee may be hired to work a 45 hour workweek for a weekly salary of $405. In this instance the regular rate is obtained by dividing the $405 straight-time salary by 45 hours, resulting in a regular rate of $9.00. The employee is then due additional overtime computed by multiplying the 5 overtime hours by one-half the regular rate of pay ($4.50 x 5 = $22.50).

Overtime Pay May Not Be Waived: The overtime requirement may not be waived by agreement between the employer and employees. An agreement that only 8 hours a day or only 40 hours a week will be counted as working time also fails the test of FLSA compliance. An announcement by the employer that no overtime work will be permitted, or that overtime work will not be paid for unless authorized in advance, also will not impair the employee's right to compensation for compensable overtime hours that are worked.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**                                   **1-866-4-USWAGE**
Frances Perkins Building                                   TTY: 1-866-487-9243
200 Constitution Avenue, NW                                   **Contact Us**
Washington, DC 20210

**Departamento De Trabajo de EEUU**
División de Horas y Salarios



(Octubre 2007)

## Hoja de datos #23: Requisitos para el pago de sobretiempo bajo la Ley de Normas Razonables de Trabajo

Esta ficha técnica ofrece información general con respecto a la aplicación de las disposiciones de la Ley de Normas Razonables de Trabajo (FLSA) para el pago de sobretiempo.

**Características**

Un empleador que requiere o permite que un empleado trabaje sobretiempo generalmente debe pagar al empleado una prima por el trabajo de sobretiempo.

**Requisitos**

A menos que estén expresamente exentos, los empleados bajo el alcance de la Ley deben recibir el pago de sobretiempo a una tasa no inferior a tiempo y medio de la tasa regular de pago del trabajador por cada hora trabajada en exceso de 40 en una semana laboral. La Ley no establece limitaciones con respecto al número de horas que los empleados mayores de 16 años pueden trabajar en una semana laboral. La Ley no requiere el pago de sobretiempo por trabajar los sábados, domingos, feriados o días de descanso como tales.

La Ley se aplica por semana laboral. La semana laboral de un empleado es un período fijo y regularmente recurrente de 168 horas, siete períodos consecutivos de 24 horas. No es necesario que coincida con una semana calendario, sino que puede comenzar en cualquier día y a cualquier hora. Se pueden establecer diferentes semanas laborales para diferentes empleados o grupos de empleados. No se permite un promedio de horas entre dos o más semanas. Por lo general, el pago de sobretiempo devengado en una semana en particular debe realizarse en el día de pago habitual para el período en el cual fue ganado.

La tasa regular de pago no puede ser inferior al salario mínimo. La tasa regular incluye toda remuneración por el empleo, excepto ciertos pagos excluidos por la Ley misma. Los pagos que no son parte de la tasa regular incluyen el pago de gastos incurridos en representación del empleador, pagos de primas por sobretiempo trabajado o las primas verdaderas pagadas por el trabajo en días sábados, domingos y feriados, bonos discrecionales, obsequios y pagos en forma de obsequio en ocasiones especiales, y pagos por períodos ocasionales cuando no se realiza trabajo debido a vacaciones, feriados o enfermedad.

Las ganancias pueden determinarse en base a destajo o por pieza, salario, comisión u otros criterios, pero en todos los casos el pago de sobretiempo adeudado deberá computarse en base a la tasa por hora promedio derivada de tales ganancias. Esto se calcula dividiendo el pago total por empleo (con la excepción de las exclusiones nombradas por ley mencionadas anteriormente) en cualquier semana laboral por el número total de horas realmente trabajadas.

Cuando un empleado en una sola semana laboral realiza dos o más tipos diferentes de trabajo para los cuales se han establecido diferentes tasas regulares de pago, la tasa regular para esa semana se determinará calculando el promedio de tales tasas. Es decir, las ganancias de tales tasas se suman y el total se divide por el número total de horas trabajadas en todas las funciones. Adicionalmente, el artículo 7(g)(2) de la FLSA permite, bajo ciertas condiciones, el cálculo del pago de sobretiempo basado en tiempo y medio de la tasa de pago vigente en el

FS 23-SP

momento de trabajarse el sobretiempo. Los requisitos para el cálculo del pago de horas extra según el artículo 7(g)(2) figuran en 29 CFR 778.415 hasta 778.421.

Cuando se realizan pagos que no sean en efectivo, en forma de mercaderías o servicios, el costo razonable para el empleador o el valor de tales bienes o servicios debe incluirse en la tasa regular.

**Problemas típicos**

Suma fija para cantidades variables de sobretiempo: un monto por trabajo realizado durante las horas de sobretiempo sin tener en cuenta el número de horas de sobretiempo trabajadas no se considera una prima de sobretiempo aunque la cantidad de dinero pagada sea igual o mayor a la suma adeudada basada en la tasa por hora. Por ejemplo, ninguna parte de un monto de $180 para empleados que trabajan sobretiempo un domingo se considerará como una prima de sobretiempo, aunque la tasa por hora de los empleados sea de $12.00 la hora y los empleados siempre trabajen menos de 10 horas el domingo. Del mismo modo, cuando un acuerdo establece un pago de 6 horas a $13.00 por hora independientemente del tiempo real dedicado al trabajo realizado durante las horas de sobretiempo, la totalidad de los $78.00 debe incluirse para determinar la tasa regular de los empleados.

Salario para la semana laboral que excede las 40 horas: un salario fijo por una semana laboral regular que exceda las 40 horas no representa una exención de las obligaciones establecidas en la FLSA. Por ejemplo, un empleado puede ser contratado para trabajar 45 horas por semana laboral por un salario semanal de $405. En este caso la tasa regular que se obtiene dividiendo los $405 del salario directo por 45 horas es de $9.00. Entonces al empleado se le adeuda el pago de sobretiempo adicional calculado multiplicando las 5 horas de sobretiempo por la mitad de la tasa regular de pago ($4.50 x 5 = $22.50).

No se puede renunciar al pago de sobretiempo: no se puede renunciar al requisito de sobretiempo por un acuerdo entre empleador y empleados. Un acuerdo que establezca que sólo se computarán como horas trabajadas 8 horas por día o sólo 40 horas a la semana tampoco cumple con la Ley de Normas Razonables de Trabajo. Un anuncio por parte del empleador estableciendo que no se permitirá trabajar sobretiempo, o que el sobretiempo no se pagará a menos que sea autorizado por adelantado, tampoco cercenará el derecho del trabajador a una retribución por las horas de sobretiempo trabajadas.

**Dónde obtener información adicional**

**Para mayor información, visite nuestro sitio en la Red de Horas y Salarios: http://www.wagehour.dol.gov o comuníquese llamando a nuestro servicio gratuito de información y asistencia Horas y Salarios, disponible de 8 a.m. a 5 p.m. en su zona horaria, 1-866-4USWAGE (1-866-487-9243).**

Esta publicación tiene por objeto brindar información general y no deberá ser considerada del mismo tenor que las declaraciones oficiales de postura contenidas en los reglamentos.  La presente ficha es parte de una serie de fichas técnicas que presentan los diferentes programas del Departamento de Trabajo de los EE. UU. El objetivo es brindar únicamente una descripción general y no tiene validez jurídica.

**U.S. Department of Labor**
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

**1-866-4-USWAGE**
TTY: 1-877-889-5627
Comuníquese con nosotros